United States District Court
District of Connecticut
FILED AT NEW HAVEN

October 10 ____ 20 24

By__ S. Santos _____
Deputy Clerk

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

IN RE: GRAND JURY SUBPOENAS

Case No.  3:24-mj-906 (MEG)

October 9, 2024

## <u>APPLICATION FOR NON-DISCLOSURE ORDER</u>

The United States respectfully submits this application, pursuant to 18 U.S.C. § 2705(b), for an order providing that the providers identified below ("Providers") may not notify any person (including the subscribers or customers of the account(s) listed in the subpoena) of the existence of the grand jury subpoenas identified below ("the Subpoenas"), until **October 9, 2025**, absent further order from the Court.

| <u>Provider</u> | <u>Subpoena</u> |
|---|---|
| Lyft, Inc. | N-24-1-152(10) |
| Uber Technologies Inc | N-24-1-152(11) |

The Providers identified above are providers of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2).  The subpoenas require the corresponding Provider to disclose certain records and information to the United States pursuant to 18 U.S.C. § 2703(c)(2).

In this case, a non-disclosure order is appropriate because the subpoenas relate to ongoing investigation which is neither public nor known to all of the subject of the investigations. Accordingly, disclosure of the subpoenas would likely alert the subject of the investigation to the existence of the investigation.

Given the nature of this investigation, much of the evidence likely exists in electronic form. If alerted to the existence of the investigation, the subjects of the investigation would easily destroy or tamper with that evidence, whether stored by a third-party service provider or on personal computers, mobile phones, or other electronic devices. Accordingly, there is reason to believe that notification of the existence of the subpoenas will seriously jeopardize the investigation, including by giving subjects of the investigation an opportunity to flee, destroy or tamper with evidence, and change patterns of behavior.

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing the Providers not to disclose the existence or contents of the subpoenas until **October 9, 2025**, absent further order from the Court, except that the Providers may disclose the Subpoenas to an attorney for the Providers for the purpose of receiving legal advice.

Respectfully submitted,

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY


/s/Ross Weingarten
ROSS WEINGARTEN
ASSISTANT U.S. ATTORNEY
Fed Bar No. phv207478
157 Church Street, 25th Floor
New Haven, CT 0606510